# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| MARSHA H. AVANT, | : |
| | : |
| Plaintiff, | : |
| | : Case No.: 5:06-cv-47 (CAR) |
| v. | : |
| | : |
| LAND ET AL., | : |
| | : |
| Defendants. | : |

## ORDER

On March 21, 2007, this Court issued a Show Cause Order [Doc. 2] for Plaintiff to show cause, within ten (10) days, why her case should not be dismissed for failure to serve Defendants (or Defendants' counsel, if they are represented) with a copy of the Complaint [Doc.1] within the requisite 120 days. As of the date of this Order, Plaintiff has failed to respond. When a plaintiff does not show good cause as to why she failed to serve a defendant with a copy of the complaint, a district court has discretion, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, to dismiss the case without prejudice. Fed. R. Civ. P. 4(m) ("If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice . . . ."); see also Brown v. Thompson, 430 F.2d 1214, 1216 (5th Cir. 1970) ("It is well established that the district court has the authority to dismiss or to enter default judgment, depending on which party is at fault, for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure.").

However, before exercising such discretion, the district court must, according to a recent Eleventh Circuit opinion, consider whether "any other circumstances warrant an extension of

time [for Plaintiff to perfect service] based on the facts of the case." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007). In this case, the Court sees no basis for extending the time for Plaintiff to serve Defendants. Accordingly, the Court **DISMISSES** Plaintiff's claims *without prejudice*.

The Court notes that Plaintiff did not receive its Order to Show Cause. Although the Clerk mailed the Court's Order to Plaintiff at the address provided by her in the Complaint (173 Pinewood Drive, Gray, Georgia 31032), the mail was returned as undeliverable because "no [Pinewood] street" exists [Doc. 3]. However, as it is Plaintiff's duty to update this Court with respect to her current address, the fact that Plaintiff, by virtue of her omission, did not receive the Court's Order has no effect on the disposition of this action.

**SO ORDERED,** this 11th day of April, 2007.

s/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

EHE/ssh